UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, : 02-CR-891 (ARR)
:
   -against- : <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
MARTESE LYTCH, :
:
               *Defendant*. : **OPINION & ORDER**
:
---------------------------------------------------------------------- :
X

ROSS, United States District Judge:

    Defendant, Martese Lytch, moves to reconsider my May 8, 2020 opinion declining to order his compassionate release. Def.'s Mot. Reconsideration 1 ("Def.'s Mot."), ECF No. 652. For the following reasons, I deny defendant's motion.

    "A motion for reconsideration may be granted where the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Mathis*, No. 02-CR-891 (ARR), 2020 WL 6784136, at *1 (E.D.N.Y. Nov. 18, 2020) (quoting *United States v. Nehmad*, No. 16-CR-829 (AKH), 2020 WL 6719380, at *1 (S.D.N.Y. Nov. 16, 2020) (citation and quotation marks omitted)). I have broad discretion to grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), also known as a motion for compassionate release, when a defendant, having met an exhaustion requirement,[1] shows that "extraordinary and compelling reasons" warrant such a reduction, those reasons outweigh the factors set forth in 18 U.S.C. § 3553(a), and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[1] I need not determine whether defendant has met the exhaustion requirement because I conclude his motion to reconsider fails on the merits.

1

§ 3582(c)(1)(A); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Defendant makes two arguments, but neither provides grounds to change my decision not to order his compassionate release. First, defendant claims he is a "much needed caregiver for [his] mother and two sisters" and that fact constitutes an extraordinary and compelling reason to reduce his sentence. Def.'s Mot. 1. He alleges that his eighty-four-year-old mother "recently had both of her knees replaced and has trouble getting around to accomplish basic household chores." *Id*. In addition, two of his sisters are undergoing treatment for breast cancer and a brain tumor, respectively, so they cannot care for her adequately and require care themselves. *Id.* His father and multiple siblings are deceased. *Id.*

The U.S. Sentencing Commission has recognized that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver" for that person could be extraordinary and compelling reasons warranting compassionate release. U.S. Sentencing Comm'n, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(C) (2018).[2] Given this guidance, it may be possible that being the "only available caregiver," *id.*, for an ailing parent or sibling could constitute an extraordinary and compelling reason justifying release. Mr. Lytch, however, has not established that he is the only person who could care for his mother and sisters. For that reason, I cannot order his compassionate release on this basis.

Second, defendant argues that the appalling conditions at F.C.I. Fort Dix constitute extraordinary and compelling reasons that justify compassionate release. Def.'s Mot. 2; *see* 18 U.S.C. § 3582(c)(1)(A). Defendant alleges that he and several others who had been transferred to

---

[2] This policy statement does not bind district courts, *see Brooker*, 976 F.3d at 237, but it does provide some guidance.

Fort Dix remain housed in an abandoned cellblock that was "overrun with cats until [their] arrival" and "smells of cat urine." Def.'s Mot. 2. The building allegedly has "gaping holes in the ceilings that expose what one can only assume is asbestos," "exposed wiring, broken smoke detectors, leaky windows," and peeling lead paint. *Id.* He claims those in his cell block "don't have adequate cleaning supplies" and are unable to socially distance in "twelve man cells." *Id.*

I have recognized that Fort Dix was experiencing a severe COVID-19 outbreak in November. *Mathis*, 2020 WL 6784136, at *2. It appears to have come under control since. While BOP had reported 238 active cases among prisoners and eighteen among staff as of November 17, 2020, *see id.*, as of December 18, BOP reports fifteen confirmed active cases among prisoners and forty-seven among staff. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 21, 2020). Regardless, Mr. Lytch has not provided any reasons why his "risk is exceptional, when compared to the general prison population" at this facility. Op. & Order 4 (May 8, 2020), ECF No. 630. I had determined that he had failed to prove any preexisting conditions that may create an enhanced risk of serious complications from contracting COVID-19, *see id.* at 4–5, and he has not provided new evidence on this point. Rather, he claims he had contracted COVID-19 while incarcerated and recovered. Def.'s Mot. 2. While the alleged conditions at Fort Dix are concerning—notwithstanding an abatement in the facility's COVID-19 outbreak—defendant's facts, taken together, do not show extraordinary and compelling reasons justifying Mr. Lytch's release.

For these reasons, Mr. Lytch's motion for reconsideration is denied.

SO ORDERED.

Dated:     December 21, 2020            ____/s/_____
           Brooklyn, New York         Allyne R. Ross
                                                        United States District Judge